Appellant's citation for speeding specified a violation of R.C. 4511.21(D)(2), a citation for speeding in excess of the limit of sixty-five miles per hour. The offense is a minor misdemeanor for which a penalty of $100 may be assessed.
Before arraignment, the officer added to his copy and the court's copy of the citation the following: "2 previous speed convictions within last 12 mths." The addition converted the offense to a third degree misdemeanor and substantially increased the penalty for the violation.
Appellant was never served with a copy of the enhanced charge. Appellant did not waive notice of the change of the offense charged. Even though appellant was told the effect of the additional language, that cannot be construed to constitute the notice to which appellant was entitled.
When confronted with a defense to a third degree misdemeanor, appellant requested a jury trial, which was his right. That appellant exercised his apparent right to a jury trial cannot, as the majority believes, become a waiver of appellant's right to proper notice of the change of the charge.
Before the trial began, appellant brought this issue before the court in a motion to dismiss. The motion also raised the issue of speedy trial. The majority, neglecting the principles of strict interpretation favoring the accused, weaves a thread of "waiver" through all of appellant's contentions.
It is patently clear that the trial court changed the offense sua sponte; that appellant was not properly served with notice of the charge, did not waive notice and, in fact, objected.
Appellant was not properly charged and was not tried on a minor misdemeanor with the thirty-day speedy trial limit, and for either reason, the conviction should be reversed and appellant discharged.
Therefore, I must dissent.